**NOT FOR PUBLICATION**

FILED

OCT 4 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IT'S MY SEAT, INC., a California Corporation; VAHE SHAHINIAN, an individual, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> KEVIN WOODLEY, an individual; EIN CAP, INC., a New York Corporation; RUSSELL NAFTALI, an individual; GENE SLAVIN, an individual, <br><br> Defendants-Appellees. | No. 22-55843 <br><br> D.C. No. 2:22-cv-02192-ODW-AFM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted October 2, 2023[**]
Pasadena, California

Before: GRABER, BYBEE, and BENNETT, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Vahe Shahinian and It's My Seat, Inc. (Plaintiffs) appeal the district court's dismissal, without prejudice, of their claims alleging that Defendants committed fraud.[1]  The district court dismissed the case pursuant to Fed. R. Civ. P. 41(b), finding that Plaintiffs effectively violated a court order in a previous case (*IMS I*) concerning the same alleged fraud.  In the alternative, the district court dismissed the complaint as an improper attempt to pursue the same claims against the same defendants in separate lawsuits.  Exercising jurisdiction under 28 U.S.C. § 1291, we reverse.

We review the district court's dismissal under Rule 41(b) for abuse of discretion, *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019), but whether there "was an order for purposes of Rule 41(b) is a question of law that we review de novo." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999).  Dismissals for improper claim-splitting are also reviewed for abuse of discretion, *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008), although whether two lawsuits involve the same claims and parties is a question of law that we review de novo, *Mendoza v. Amalgamated Transit Union Int'l*, 30

---

[1] Plaintiffs also move this court to take judicial notice of a bar complaint and accompanying declaration filed against their original counsel which allege counsel committed malpractice by failing to properly serve Defendants in *IMS I* while representing to Plaintiffs that he had properly served them.  The motion is GRANTED.

F.4th 879, 886 (9th Cir. 2022).

1. The district court abused its discretion in dismissing the case under Rule 41(b) because Plaintiffs never violated a court order. In relevant part, the rule provides that "[i]f the plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *see also Yourish*, 191 F.3d at 986 (holding that district courts have the authority to dismiss a case for failure to comply with a court order). But "[b]y its plain text, a Rule 41(b) dismissal under these circumstances requires 'a court order' with which an offending plaintiff failed to comply." *Applied Underwriters*, 913 F.3d at 891 (quoting Fed. R. Civ. P. 41(b)).

Here, neither the district court nor Defendants point to any court order that Plaintiffs violated.[2] Instead, the court found that Plaintiffs acted in bad faith by procuring a stipulated court order continuing the trial date in *IMS I* without disclosing that they had filed this case in state court, which brings virtually identical claims against defendants who were previously dismissed from *IMS I* without prejudice.[3] But the stipulated order memorialized only the agreement that,

---

[2] Indeed, the district court acknowledged that "technically, Plaintiffs did not affirmatively violate an obligation in the" relevant court order.

[3] Defendants in this case were dismissed in *IMS I* because Plaintiffs failed to properly serve them. The remaining Defendant in *IMS I* suggests that he only agreed to the stipulation on the understanding that Plaintiffs abandon any claims

3

in exchange for a continued trial date, Plaintiffs would "not seek to reopen or extend any deadlines already expired . . . , including, without limitation, the . . . deadline to hear any Motion to Amend Pleadings or Add Parties." The parties agreed only that Plaintiffs would not seek to re-add previously dismissed Defendants to *IMS I*. The stipulated order did not provide that Plaintiffs were somehow abandoning or voluntarily dismissing *with* prejudice their claims against the dismissed Defendants. Nor did Plaintiffs represent that they would not pursue additional litigation against parties that were dismissed *without prejudice* from *IMS I*. Accordingly, Plaintiffs never violated a court order in *IMS I* because they never sought to re-add Defendants to *that* case. And because violation of a court order is needed to support a dismissal under Rule 41(b), the district court abused its discretion.[4]

---

against the previously dismissed defendants. But as discussed below, that understanding is not reflected in the plain text of the stipulation.

[4] Our precedents confirm that procuring a court order through a misleading *omission* does not justify dismissal under Rule 41(b). But even were it possible, we find nothing in the record here that could support such a dismissal. First, Defendants cite no authority suggesting that Plaintiffs had an affirmative duty to disclose the filing of this case (which was a matter of public record) while negotiating for a stipulation in *IMS I*. Second, the remaining Defendant in *IMS I* knew that the previously dismissed parties were dismissed *without prejudice*, thus remaining subject to future litigation. If the *IMS I* Defendant's goal was to prevent *all* future litigation against those parties, he should have bargained for that in the stipulation, but did not. Nothing in this decision should be read as permitting any Defendant to raise this argument following remand. Though, of course, we express no view on the merits of Plaintiffs' claims, a dismissal based on some type of

4

2. The district court also erred in dismissing this case as an improper attempt to split claims. "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams*, 487 F.3d at 688 (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc)). "[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689.

But this case and *IMS I* (as the stipulated order left it) involve different parties. Defendants in this case include entities and individuals who were not parties to *IMS I* at the time the district court dismissed this case. And the Defendants in this case were not in privity with the sole remaining Defendant in *IMS I* at the time of the district court's order because their interests were not aligned.[5] *See Mendoza*, 30 F.4th at 887 (holding that privity requires, among other things, alignment of interest between a party and a nonparty). Accordingly, the

---

misleading omission regarding the stipulated order, or based on the filing of this case following the stipulation, is foreclosed by our decision here.

[5] Specifically, Defendants in both *IMS I* and this case each had an incentive to blame the others for the alleged fraud. *See Kourtis v. Cameron*, 419 F.3d 989, 997 (9th Cir. 2005) ("[A] conflict of interest between a non-party and his purported representative forecloses the possibility of privity because a nonparty cannot be adequately represented by a person with whom he is in conflict."), *abrogated in part on other grounds by Taylor*, 553 U.S. at 904.

5

"parties or privies" in this case are not the same as in *IMS I*, so the doctrine against claim-splitting cannot support dismissal. *Adams*, 487 F.3d at 689.

**REVERSED AND REMANDED.**